UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH SHELTON,

       Petitioner,

v.                                            CASE NO. 03-CV-74660-DT
                                              HONORABLE NANCY G. EDMUNDS

KURT JONES,

       Respondent.
_____/

**ORDER
(1)TRANSFERRING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT
TO THE COURT OF APPEALS AS A SECOND OR SUCCESSIVE PETITION AND
(2) DENYING AS MOOT PETITIONER'S MOTION
TO AMEND HIS HABEAS PETITION**

This matter is pending before the Court on petitioner Keith Shelton's motion for relief from the Court's opinion and judgment dismissing his habeas corpus petition. Also pending before the Court is Petitioner's motion for leave to file an amended habeas corpus petition.

Petitioner initiated this action on November 20, 2003, by filing a petition for the writ of habeas corpus, which challenged his 1989 state court conviction for unarmed robbery. The sole ground for relief alleged that Petitioner's attorney and the trial judge committed a forgery by waiving Petitioner's arraignment without his knowledge or consent. The Court summarily dismissed the habeas petition on February 13, 2004, after concluding that Petitioner had failed to comply with the one-year statute of limitations. *See* 28 U.S.C. § 2244(d). Petitioner appealed the Court's decision, but the United States Court of Appeals for the Sixth Circuit denied his application for a certificate of appealability on the ground that this Court's decision was not debatable among reasonable jurists. *See Shelton v. Jones*, No. 04-1399 (6th Cir. Jan. 7, 2005)

(unpublished). Petitioner now seeks to reinstate his District Court case and to amend his habeas petition by presenting his forgery claim under a fraud theory and by adding a new claim about his sentence.

Federal Rule of Civil Procedure 60(b) permits a party to seek relief from a final judgment under limited circumstances such as fraud, mistake, and newly discovered evidence. *Gonzales v. Crosby*, 545 U.S. 524, 528 (2005). However, a motion for relief from judgment that asserts one or more new claims of error in the movant's state conviction or re-raises claims adjudicated in a prior habeas petition should be treated as a successive petition under 28 U.S.C. § 2244(b)(3). *Id.* at 530-38; *Harbison v. Bell*, 503 F.3d 566, 568 (6th Cir. 2007).

Petitioner's motion for relief from judgment advances one or more claims, as opposed to challenging the Court's failure to reach the merits of his claims in its dispositive opinion and order. Under *Gonzalez* and *Harbison*, his motion for relief from judgment must be deemed a second or successive habeas corpus petition.

State prisoners may not file a second or successive habeas corpus petition unless they first obtain an appellate court order authorizing the district court to consider the habeas petition. 28 U.S.C. § 2244(b)(3)(A). When a second or successive petition for habeas corpus relief is filed in the district court without prior authorization from the appellate court, the district court must transfer the document to the Court of Appeals. *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner has not acquired permission from the Court of Appeals to file a second or successive habeas petition. Therefore, the Clerk of Court is **ORDERED** to transfer Petitioner's motion for relief from judgment [Doc. 13, Oct. 15, 2007] to the Court of Appeals

pursuant to *Sims* and 28 U.S.C. § 1631.[1]  Petitioner's motion to amend his habeas petition [Doc. 15, Nov. 6, 2007] is DENIED as moot in light of the transfer of his motion for relief from judgment to the Court of Appeals.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  January 7, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 7, 2008, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

---

[1]  Section 1631 provides in pertinent part that:

[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.